IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBRA BOURASSA,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　No. 05 C 4845
　　　　　　　　　　　　　　　　　　　)
PRUDENTIAL INSURANCE COMPANY OF　　　 )
AMERICA, et al.,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　 )

## MEMORANDUM ORDER

Prudential Insurance Company of America ("Prudential") has filed its Answer and Affirmative Defenses ("ADs") to the First Amended Complaint ("FAC") brought by Debra Bourassa ("Bourassa") against it and an employee benefit plan that it assertedly underwrites and insures. This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.

To begin with, Prudential's counsel has responded to the FAC allegations about terms of that plan (Answer ¶¶10-13) by asserting that the documents referred to in the FAC "speak for themselves" and by purporting to deny "each and every allegation contained in this paragraph that is contrary to the written terms of" the documents. As for the first-referenced part of such responses, see App. ¶3 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). And as for the second aspect of such responses, they really provide no information to Bourassa's counsel or this Court as to just what

is assertedly defective in the FAC's allegations, even under the liberal principles of notice pleading that apply in the federal court system. Accordingly Answer ¶¶10-13 are stricken (albeit with leave to replead as hereafter provided).

Next, Answer ¶15 says that "no answer is required" as to a portion of FAC ¶15 that is said to be a legal conclusion. That too is wrong--see App. ¶2 to State Farm. Hence that portion of Answer ¶15 is also stricken, with leave to replead.

Finally, two of Prudential's five ADs appear facially problematic.[1] Here they are:

1. AD 2 states:

   All or part of Plaintiff's Complaint fails to state a claim against Prudential upon which relief can be granted.

   If that is intended to target the entire FAC, it is simply incorrect and would have to be stricken. If instead it focuses on only a portion of the FAC, it should be deleted if all it does is to restate in more generic terms what is covered by one of the other ADs--and if it does not do so, it must be fleshed out to be more informative.

2. AD 5 needs more particularization to satisfy the requirements of notice pleading.

Prudential is granted until January 4, 2006 to correct the

---

[1] No implication is intended here as to the viability of the other three ADs. Any questions in that respect will be left to Bourassa's counsel to raise.

2

defects identified in this memorandum order. If no corrective pleading is filed, all of the corresponding allegations in the FAC will be deemed to have been admitted and ADs 1 and 5 will be stricken without leave to replead.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: December 27, 2005